ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Douglas Kent Hall, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES

Count I

In January 2011, Maggie Ahmann retained respondent to represent her in an action seeking custody of her grandchil *644 dren, who were in foster care pending adoption by third parties. Ms. Ahmann paid respondent a $2,000 deposit from which fees were to be deducted at the rate of $150 per hour. During the course of the representation, respondent filed a petition for intervention, but failed to return Ms. Ahmann’s phone calls or otherwise communicate with her about the status of the case. In May 2011, Ms. Ahmann terminated the representation and demanded an accounting and refund of. any unearned fees, which respondent never provided.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15 (safekeeping property of clients‘and third persons), 1.16 (obligations upon termination of the representation), and 8.4(a) '(violation of the Rules of Professional Conduct).

\9Count II

Attorney Jonathan Johnson represented the father in a child custody matter in which respondent represented the mother of the minor child. On April 12, 2012, Mr. Johnson notified respondent that he would be filing an emergency custody petition on behalf of his client based on allegations that respondent’s client was abusing illegal drugs. That afternoon, respondent went to a health store and purchased a product called Ultra Clean, a shampoo advertised as purifying buildup of medication from the hair and commonly used in attempts to avoid a positive hair follicle drug test. After purchasing the shampoo, respondent visited his client at her home.
The following day, Mr. Johnson presented the emergency custody petition, and the presiding judge conducted a pre-trial conference in chambers. During the pre-trial conference, respondent adamantly denied that’his client was taking illegal drugs. The judge ordered respondent’s client to submit to drug screening, including cuticle and hair follicle testing. The hair follicle test was negative, but the cuticle test was presumed positive for marijuana, amphetamines, and methamphetamines.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 3.3(a) (candor toward the tribunal), 3.4(b) (a lawyer shall not unlawfully obstruct another party’s access to evidence), 8.4(a), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

Count III

In February 2012, Mehgan Hutchinson retained respondent to represent her in an uncontested domestic matter, paying him a flat fee of $1,000. During the I,^representation, respondent failed to return Ms. Hutchinson’s phone calls or otherwise communicate with her about the status of the case. Ms. Hutchinson demanded a refund of her fee, which respondent declined to provide based on assurances that he had been working on her case. Despite these- assurances, respondent has provided no evidence of having done any work on the case.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rulés 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4,1.5,1.15,1.16, and 8.4(a).

Count IV

Between September 19, 2012 and November 16, 2012, respondent was ineligible to practice law for failure to pay his bar dues and the disciplinary assessment, and for failure to file a trust account reg *645 istration statement.[1] Notwithstanding his ineligible status, on October 15, 2012, respondent filed a petition - for immediate temporary ex parte custody on behalf of a client in the 36th Judicial District Court for the Parish of Beauregard. On October 25, 2012, respondent attempted to make a court appearance on behalf of his client at a hearing in the matter, but was prevented from doing so by the presiding judge, who was .aware of - his ineligibility.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c) (failure to pay bar dues and the disciplinary assessment), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.4(a), and 8.4(d).
| ¿Count V
On March 11, 2013, respondent pleaded guilty to one count of theft of utility service and one count of theft. He was fined $500 and sentenced to serve one hundred eighty days in jail on each count. The court suspended the sentences and placed respondent on supervised probation for one year.
The ODC alleged that respondent’s, conduct violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct.

Count VI

Despite receiving notice of the disciplinary complaints filed against him in connection with the foregoing matters, respondent failed to respond, necessitating the issuance of a subpoena to obtain his sworn statement. Respondent failed to appear as subpoenaed on December 18; 2012, January 15, 2013, and February 18, 2013. ■
The ODC alleged that respondent’s conduct violated Rule 8.1 (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
In April 2014, the ODC filed' formal charges against respondent. Respondent failed to answer the formal charges.[2] Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing | ^committee written arguments and documentary evidence' on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations set forth above. The committee further found the following:
In Count II, respondent purchased the detox shampoo for use-by his client in order to avoid a positive result on a hair follicle drug screen that respondent anticipated would be ordered by the district court after the emergency petition for custody was presented to the court. Respondent made a false statement to the district court during the pre-trial conference when *646 he adamantly denied that his client used drugs; his purchase of a masking agent for his client’s hair when an order for a drug test the next day was probable indicates he possessed knowledge or a strong suspicion that his client had been abusing drugs.
Based on these factual findings, the committee determined that respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.5, 1.15, 1.16, 3.3(a), 3.4(b), 5.5(a), 8.1, 8.4(b), 8.4(c), and 8.4(d). Despite concluding that respondent also violated Rules 1.1(c) and 3.4(c) in Count IV, the committee declined to consider the violations because respondent was “previously sanctioned through the suspension of his license.”
The committee determined respondent’s violations of Rules 1.3 and 1.4 were at least neglectful, and perhaps knowing, and caused injury or potential injury to his clients. Respondent’s violations of Rules 1.5, 1.15, and 1.16 were knowing and caused injury to his clients, who were deprived of the use of funds they paid to respondent. Respondent’s false statements to the tribunal and falsification of evidence were designed to deceive the court and could have caused serious or | (¡potentially serious injury to his client’s child. Respondent’s violation of Rule 5.5 was knowing, as he interfered with legal proceedings. Respondent’s conviction for theft and his failure to cooperate with the ODC damaged the profession. The time and resources of the ODC were wasted by respondent’s refusal to appear for the sworn statements and refusal to participate in the disciplinary process. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is suspension.
In aggravation, the committee found a pattern of misconduct, multiple offenses, and “deceptive practices and total disregard for the disciplinary process.” The committee found no mitigating factors present. The committee specifically stated that respondent showed no remorse for his conduct and no concern for the harm he caused to his clients, the administration of justice, or his profession.
After considering the number of violations, as well as the danger respondent poses to the public, the legal system, and the legal profession, the committee recommended respondent be disbarred. The committee also recommended that respondent be ordered to provide restitution to his clients in Counts I and III, and that he be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. Based on these findings, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. In concluding that respondent violated Rules 1.1(c) and 3.4(c), which the committee 17specifically declined to consider, the board noted that although respondent had administratively been declared ineligible to practice law for his failure to maintain his professional obligations, he was never sanctioned within the meaning of Supreme Court Rule XIX.
The board determined respondent violated duties owed to his clients, the public, the legal system, and the legal profession. Respondent acted knowingly, if not intentionally. Respondent acted knowingly in *647 Counts I and III, causing harm to Ms. Ahmann and Ms. Hutchinson by neglecting their legal matters and failing to return unearned fees. In Count II, respondent caused harm to the legal system by making false statements to the court and counseling his client to destroy potential evidence by using the detox shampoo. Respondent caused harm to the public and to the legal profession by engaging in criminal conduct. Finally, respondent caused the ODC to expend additional resources in its investigations of these matters. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction ranges from suspension to disbarment.
In aggravation, the board found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and illegal conduct. In mitigation, the board found the absence of a prior disciplinary record and the imposition of other penalties or sanctions relating to the theft conviction.
After reviewing prior jurisprudence involving similar misconduct, the board recommended respondent be disbarred. The board also recommended respondent be required to pay restitution to Ms. Ahmann and Ms. Hutchinson, and that he be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
IgDISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent practiced law while ineligible to do so, neglected a legal matter, failed to communicate with clients, failed to account for or refund unearned fees, engaged in illegal conduct, and engaged in conduct prejudicial to the administration of justice. He also failed to cooperate with the ODC in its investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 *648 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the legal profession. ' His misconduct caused actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline sanction ranges from suspension to disbarment. The aggravating and mitigating factors found by the disciplinary board are supported by the record.
In recommending disbarment, the disciplinary board cited the case of In re: Jones, 04-0487 (La.6/25/04), 878 So.2d 506. In Jones, we disbarred an attorney for various instances of misconduct, which included submitting a false affidavit to a court in a legal proceeding, a misdemeanor theft conviction, neglecting two legal matters, failing to communicate with clients, ánd' failing to account for or refund unearned fees. In determining á sanction, we recognized the aggravating factors of prior disciplinary offenses (private reprimand), a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding, substantial experience in the practice of law, and indifference to making restitution. We also recognized the mitigating factors of imposition of other penalties or sanctions, remorse, and remoteness of prior disciplinary offenses.
We agree that the various instances of misconduct perpetrated by respondent are similar in kind and substance to those present in Jones, By his knowing and intentional misconduct, respondent has demonstrated a lack of concern for the welfare of his clients, third persons, the administration of justice, and the viability of his law license. After further eonsider-ing the aggravating factors present in this | incase — in particular respondent’s selfish motive and his indifference to making restitution to his clients — the sanction of disbarment is fully supported:
Accordingly, we will adopt the board’s recommendation and impose disbarment. We further order respondent to pay restitution to his former clients, Ms. Ahmann and Ms. Hutchinson.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Douglas Kent Hall, Louisiana Bar Roll number 29589, be and he hereby is disbarred. His name shall be -stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make restitution to Maggie Ahmann and Mehgan Hutchinson. All costs and expenses in the matter are assessed against respondent in accordance with. Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Even after respondent rectified his bar dues and disciplinary assessment ineligibility, he remained ineligible through January 10, 2014 for failure to submit a trust account registration statement.

. The record contains. an affidavit from an ODC employee, who indicated that the day after she mailed a courtesy copy Of the formal charges to respondent, she received a phone call from him in which he acknowledged receiving the copy of the formal charges.